Matter of Kornaker (2019 NY Slip Op 02257)





Matter of Kornaker


2019 NY Slip Op 02257


Decided on March 22, 2019


Appellate Division, Fourth Department


Per Curiam.



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 22, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., CARNI, DEJOSEPH, NEMOYER, AND TROUTMAN, JJ. (Filed Mar. 22, 2019.) 


&em;

[*1]MATTER OF DAWN M. KORNAKER, A SUSPENDED ATTORNEY, RESPONDENT., GRIEVANCE COMMITTEE OF THE EIGHTH JUDICIAL DISTRICT, PETITIONER.



OPINION AND ORDER
Final order of suspension entered.
Per Curiam
Opinion: Respondent was admitted to the practice of law by this Court on January 27, 2004, and she formerly maintained an office in Niagara Falls. By order entered February 27, 2018, this Court suspended respondent from the practice of law during the pendency of a disciplinary investigation, pursuant to 22 NYCRR 1240.9 (a), based on uncontroverted proof that she failed to respond to a lawful demand of the Grievance Committee and failed to comply with a subpoena issued by this Court. In September 2018, the Grievance Committee filed a petition alleging against respondent certain acts of professional misconduct, including neglecting client matters, failing to communicate with clients, failing to cooperate in the investigation of the Grievance Committee, and failing to comply with the order of interim suspension entered by this Court. Although respondent was personally served with the petition in September 2018, she failed to file an answer thereto or to request from this Court an extension of time in which to do so. In December 2018, the Grievance Committee filed a motion for an order, pursuant to 22 NYCRR 1240.9 (b), disbarring respondent for failing to respond to or appear for further investigatory or disciplinary proceedings within six months from the date of the order of interim suspension. Respondent was personally served with that motion, and she failed to file papers in response thereto or to appear on the return date thereof.
Although the Grievance Committee contends that an order of disbarment is warranted pursuant to 22 NYCRR 1240.9 (b), we note that, in certain prior matters involving similar circumstances, this Court has found the respondent in default, deemed admitted the charges, and imposed a sanction commensurate with the admitted misconduct of the respondent, rather than disbarring the respondent for failing to participate in the proceeding (see e.g. Matter of Hunter, 113 AD3d 25, 27 [4th Dept 2013]). Accordingly, we find respondent in default and deem admitted the charges of misconduct set forth in the petition.
Respondent admits that, from November 2016 through February 2018, she neglected several client matters, failed to respond to inquiries from certain clients, failed to keep clients adequately informed about their matters, withdrew from matters without obtaining permission from the tribunal presiding over the matter, and failed to refund unearned fees to certain clients. Respondent also admits that, with respect to several domestic relations matters, she failed to provide the client with a written retainer agreement or billing statements at regular intervals. Respondent further admits that, from July 2017 through January 2018, she failed to cooperate in the investigation of the Grievance Committee and failed to comply with a subpoena issued by this Court. Finally, respondent admits that, following entry of the order of interim suspension in February 2018, she appeared in court on five client matters prior to March 22, 2018, and she failed to file with this Court an affidavit confirming that she was complying with the rules of this Court governing the conduct of suspended attorneys, as required by 22 NYCRR 1240.15 (f).
We conclude that respondent has violated the following Rules of Professional Conduct (22 NYCRR 1200.0):
rule 1.3 (a)—failing to act with reasonable diligence and promptness in representing a client;
rule 1.3 (b)—neglecting a legal matter entrusted to her;
rule 1.4 (a) (3)—failing to keep a client reasonably informed about the status of a matter;
rule 1.4 (a) (4)—failing to comply in a prompt manner with a client's reasonable requests for information;
rule 1.16 (d)—withdrawing from employment without obtaining from a tribunal the [*2]permission required under the rules of the tribunal;
rule 8.4 (d)—engaging in conduct that is prejudicial to the administration of justice; and
rule 8.4 (h)—engaging in conduct that adversely reflects on her fitness as a lawyer.
We also conclude that respondent has violated 22 NYCRR 1400.3 by failing to provide to a client in a domestic relations matter a written retainer agreement setting forth in plain language the terms of compensation and nature of services to be rendered and providing for itemized billing statements to be sent to the client at least every 60 days.
Although the Grievance Committee alleges that respondent violated certain other provisions of the Rules of Professional Conduct and certain rules of this Court, we decline to sustain those alleged rule violations inasmuch as they are either not supported by the record or have been rendered superfluous by virtue of our determinations set forth herein.
We have considered, in determining the appropriate sanction, the nature of respondent's admitted misconduct and her failure to participate in this proceeding. Accordingly, we conclude that respondent should be suspended from the practice of law for a period of one year and until further order of this Court. In the event that respondent applies to this Court for reinstatement to the practice of law, she must in her application for reinstatement sufficiently explain the circumstances of her default in this matter and establish that she has refunded all unearned legal fees owed to the clients specified in the petition.